**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JOSE ODOR-ROMERO, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Case No. CIV-26-500-G |
| | ) |
| WARDEN, DIAMONDBACK | ) |
| CORRECTIONAL FACILITY et al., | ) |
| | ) |
| Respondents. | ) |

**REPORT AND RECOMMENDATION**

Petitioner Jose Odor-Romero, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] He has also filed a motion for a temporary restraining order seeking similar relief, which the undersigned addresses with the petition. Doc. 3. United States District Judge Charles B. Goodwin referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 6. The Government

---

[1]    This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). The Court liberally construes a pro se party's filings and holds them to a less stringent standard than those drafted by lawyers, but the Court does not assume the role of the pro se party's advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2]    Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

responded to both, Doc. 9, and Petitioner has filed a "brief to supplement" his petition which the undersigned construes as a reply. Doc. 10. So the matter is at issue.

For the reasons below, the undersigned recommends the Court grant Petitioner's habeas petition, in part, and order Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

## I.    Factual background and procedural history.

Petitioner is a citizen of Venezuela who entered the country on or about April 26, 2021, without inspection or parole. Doc. 2, at 1; Doc. 9, Att. 5, at 1. The Department of Homeland Security (DHS) placed him into removal proceedings by issuing a Notice to Appear and charging him as removable under §§ 212 (a)(7)(A)(i)(I) and 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA).[3] *Id.* Att. 3. On July 12, 2021, DHS released him under an order of recognizance with GPS monitoring. Doc. 9, Att. 5, at 1-2.

---

[3]    These sections are codified in the United States Code. 8 U.S.C. § 1182(a)(7)(i)(I) provides that any immigrant, who at the time of application for admission, was not in possession of (1) a valid unexpired entry document as required by the INA, and (2) a valid travel document/document of identity and nationality as required by regulations is inadmissible. Section 1182(a)(6)(A)(i) provides that an alien who is present in the United States

2

On April 22, 2022, Petitioner completed a Form I-589 Application for Asylum and Withholding of Removal. *Id.* Att. 1. DHS reports that Petitioner missed self-report check-ins on September 25, 2024, December 23, 2024, and April 10, 2025. *Id.* Att. 5, at 2. He reported for a check-in on February 27, 2026, and Immigration and Customs Enforcement (ICE) took him into custody. Doc. 1, at 1; Doc. 9, Att. 5, at 2.

## II.    Petitioner's claims.

Petitioner raises two grounds for relief:

Ground One: Unlawful detention in violation of the INA and its implementing regulations; and

Ground Two: Violation of the Due Process Clause of the Fifth Amendment.

Doc. 1, at 7-8. In sum, he argues he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and his continued detention without the opportunity for a bond hearing violates the INA and his due process rights. *Id.*

Petitioner asks this Court to order Respondents to direct Respondents to respond within three days, and set a prompt hearing;[4] declare that his

---

without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General are ineligible to be admitted to the United States. 8 U.S.C. § 1182(a)(6)(A)(i).

[4]    The Court addressed Petitioner's requests when it ordered a response to the petition. *See* Doc. 7. A hearing is not necessary.

3

continued detention without a bond hearing violates § 1226(a) and his due process rights; in the alternative order Respondents to provide a bond hearing at which the Government must prove by clear and convicting evidence that he is a danger or flight risk, "and at which the Immigration Judge must consider his ability to pay and alternative conditions of release"; and award reasonable attorney's fees and costs.[5] *Id.* at 8-9.

## III.    Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

---

[5]    Because Petitioner appears pro se and is not an attorney, he may not seek fees. He may seek costs at the conclusion of this matter, if the Court finds such an award appropriate.

4

"When called on to resolve a dispute over a statute's meaning," the Court should "seek[] to afford the [statute's] terms their ordinary meaning at the time Congress adopted them" and to "exhaust all the textual and structural clues bearing on the meaning." *Niz-Chavez v. Garland*, 593 U.S. 155, 160 (2021) (internal quotation marks omitted). This Court's "'sole function' is to apply the law as the Court finds it, . . . not defer to some conflicting reading the government might advance." *Id.* (internal citation omitted); *see also Oklahoma v. U.S. Dep't of Health & Hum. Servs.*, 107 F.4th 1209, 1222 n.11 (10th Cir. 2024) (stating that the court "must independently interpret the statutory phrase irrespective of the parties' positions"), *judgment vacated on other grounds*, 145 S. Ct. 2837 (2025).

## IV.    Discussion.

### A.    Section 1226 governs Petitioner's detention.[6]

Petitioner asserts that he has a statutory right to a bond hearing under 8 U.S.C. § 1226(a). Doc. 1, at 7. Respondents contend that Petitioner and other noncitizens who have entered the country without inspection are applicants for admission under § 1225(a)(1) and are seeking admission under § 1225(b)(2)(A), whether they are passively residing in the country or not. Doc. 9, at 4-11.

Section 1225(a)(1) describes an "applicant[] for admission" as "an alien present in the United States who has not been admitted or who arrives in the

---

[6]    Respondents briefly challenge the Court's jurisdiction to consider the petition. Doc. 9, at 3, 9-10. The Court has decided this issue against Respondents' position. *See, e.g., Cortes v. Holt*, No. CIV-25-1176-SLP, 2026 WL 147435, at *3 (W.D. Okla. Jan. 20, 2026) ("Petitioner's claim that Respondents are detaining him without a bond hearing in violation of the INA does not divest the Court of jurisdiction. Such a claim does not 'arise from' and is not directly connected to the commencement of removal proceedings, the adjudication of removability, or the execution of any removal order. Rather, Petitioner challenges the legality of his continued detention under the statutory framework governing custody and bond determinations."); *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026) ("Here, because Petitioner challenges the legal question of whether he is subject to mandatory detention under § 1225(b)(2)(A) or detention under § 1226(a), and he does not challenge Respondents' decision to commence or adjudicate proceedings or execute removal orders, § 1252(g) does not jurisdictionally bar consideration of the Petition."). So the undersigned recommends the Court find there is no jurisdictional bar to consideration of Petitioner's claims.

United States." 8 U.S.C. § 1225(a)(1). According to its plain language, "§ 1225(b)(2)(A) applies 'in the case of an alien who is an *applicant for admission*, if the examining officer determines that an alien *seeking admission* is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.'" *Cortes*, 2026 WL 147435, at *4 (quoting 8 U.S.C. § 1225(b)(2)(A) (emphasis added by *Cortes*)). This section "authorizes the Government to detain certain aliens seeking admission into the country." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018).

Section 1226(a), on the other hand, "authorizes the Government to detain certain aliens *already in the country* pending the outcome of removal proceedings." *Id.* at 289 (emphasis added). "Section 1226(a) sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.'" *Id.* (quoting § 1226(a)). "'Except as provided in [Section 1226(c)],' the Attorney General 'may release' an alien detained under § 1226(a) 'on . . . bond' or 'conditional parole.'" *Id.* (quoting § 1226(a)(1)-(2)).

This Court has previously compared §§ 1225 and 1226 and decided noncitizens like Petitioner are entitled to a bond hearing under § 1226. *See, e.g.*, *Cortes*, 2026 WL 147435, at *3-7; *see also Lopez v. Corecivic Cimarron*

7

*Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at \*3-7 (W.D. Okla. Jan. 21, 2026). The Court should reach the same result in this case.

Section 1225(b)(2)(A) "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control," and "'[n]oncitizens 'seeking admission' are those who have not 'effected an entry' into the United States.'" *Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at \*4 (W.D. Okla. Dec. 16, 2025) (quoting *Sacvin v. Anda-Ybarra,* 2025 3187432, at \*3 (D.N.M. Nov. 14, 2025)). Because Petitioner effected entry into the country over four years ago, he is not subject to § 1225(b)(2)(A)'s mandatory detention requirement. Numerous Judges in this District have held likewise. *See Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at \*2 (W.D. Okla. Jan. 13, 2026) ("The court also agrees that § 1226(a), not § 1225(b)(2)(A), governs petitioner's detention."); *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at \*3 (W.D. Okla. Dec. 22, 2025) ("Because Petitioner has been unlawfully living in the United States for many years without seeking admission, this provision does not apply to him. Instead, Petitioner's detention is controlled by § 1226(a)."); *Escarcega v. Olson,* No. CIV-25-1129-J, 2025 WL 3243438, at \*2 (W.D. Okla. Nov. 20, 2025) ("[B]ased on the plain language of § 1225(b)(2)(A), the phrase 'seeking admission' only applies to noncitizens who are presently and actively seeking lawful entry into the United States at the

8

border." (internal quotation marks and alterations omitted)).[7] As well as determining that if "all 'applicants for admission' are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be redundant and courts should avoid statutory interpretations that 'make[] any part [of the statute] superfluous.'" *Escarcega*, 2025 WL 3243438, at *3 (quoting *Fuller v. Norton*, 86 F.3d 1016, 1024 (10th Cir. 1996)); *see also Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 2026 WL 1243395, at *13 (11th Cir. May 6, 2026) ("The text of § 1225(b)(2)(A) is clear that mandatory detention applies only to a narrower category of applicants for admission: those seeking lawful entry into the United States.").[8]

Petitioner's asylum request does not change this outcome. This Court has "declined to find" that either refusing to voluntarily depart or seeking

---

[7]     *But see Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026) (holding § 1225 applied to the petitioner's detention); *Montoya v. Holt*, No. CIV-25-1231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2026) (same).

[8]     A split panel of the Seventh Circuit could not reach a majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 2026 WL 1223250, at *21 (7th Cir. May 5, 2026). One judge rejected the government's approach, and another adopted it, while the third judge concluded there was no basis to reach the issue. *Id.* at **21, 27, 38. *See also Avila v. Bondi*, 170 F.4th 1128, 1134-35 (8th Cir. 2026) (applying § 1225 to a similar habeas challenge); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 506 (5th Cir. 2026) (same).

9

asylum "'constitutes 'seeking admission' for purposes of this subsection.'" *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (quoting *Cruz-Hernandez v. Noem*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026)); *see also Hernandez Alvarez*, 2026 WL 1243395, at *21 ("This argument fails at the gate. Section 1225(b)(2)(A) makes it clear that an applicant for admission's status as one 'seeking admission' becomes relevant upon examination by an immigration officer, which occurs before a § 1229a proceeding even commences.").

### B.     Petitioner is entitled to a bond hearing under § 1226(a).

When Petitioner was detained after residing in the country for over four years, he was not subject to mandatory detention under § 1225(b)(2)(A). Instead, Petitioner is subject to § 1226, and "is entitled to a prompt bond hearing before an immigration judge pursuant to § 1226(a)." *Cortes*, 2026 WL 147435, at *7; *see also Cunha v. Freden*, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026) (concluding the petitioner's detention was "governed by Section 1226(a), not Section 1225(b)(2)(A)," and explaining that its holding "allows noncitizens like Petitioner, who are already present in the United States and are determined not to be a flight risk or danger to the community to be released on bond under Section 1226(a) while their removal proceedings are pending").

The undersigned therefore recommends the Court grant Petitioner's habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral immigration judge under § 1226(a) within five business days of the Court's adoption of this Report and Recommendation or, in the alternative, immediately release Petitioner.

Normally, at a bond hearing authorized under § 1226(a), the noncitizen bears the burden of proving that he is neither a danger to the community nor a flight risk. *See* 8 C.F.R. § 236.1(c)(8); *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). Petitioner's initial release reflects a determination by DHS that he posed neither a flight risk nor a danger to the community.[9] Given Petitioner's prolonged detention under the incorrect statute, the Court should find Petitioner is entitled to an individualized bond hearing where the Government carries the burden of proof. *See, e.g., Garcia Cortes v. Noem*, 2025 WL 2652880, at *5 (D. Colo. Sept. 16, 2025) (citing *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024)); *Ortiz Donis v. Chestnut*, 2025 WL 2879514, at *15 (E.D. Cal. Oct. 9, 2025) (finding the government is required to bear the burden for

---

[9]    *See Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *7 (N.D. Cal. Sept. 12, 2025) (finding the petitioner was released under § 1226 which required an initial determination that "such release would not pose a danger to property or persons and that she was likely to appear for any future proceeding" (quoting 8 C.F.R. § 1236.1(c)(8))).

11

justifying re-detention because the government initiates re-detention proceedings after previously determining the noncitizen is not a flight risk or danger). "Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. Petitioner has now been detained without a bond hearing for over two months, depriving him of a core liberty interest.

Under these circumstances, at any bond hearing, the government ought to bear the burden of proving that Petitioner poses a danger to the community or a risk of flight such that he should remain in detention. And the clear and convincing standard that generally "applies to civil detention where liberty is at stake" is appropriate here as well. *See L.G.*, 744 F. Supp. 3d at 1186 (first citing *United States v. Salerno*, 481 U.S. 739, 751 (1987), and then citing *Addington v. Texas*, 441 U.S. 418, 433 (1979)).

**C.    The Court should decline to address the merits of Petitioner's due process claim.**

Given the undersigned's recommendation as to the disposition of Petitioner's claim for relief under the INA, the undersigned recommends the Court refrain from addressing the merits of Petitioner's due process claim. The Court can grant him the relief he seeks under § 1226(a). *See Cortes*, 2026 WL 147435, at *7 ("The Court declines to decide the merits of such claim and

12

Petitioner may renew such a claim if he is not provided with a bond hearing or released within seven days of this Order.").

## V.    Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court **grant** Petitioner's habeas application, in part, and **order Respondents to provide Petitioner with an individualized bond hearing before a neutral immigration judge under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.**[10] **At such hearing, Respondents must bear the burden of proof by clear and convincing evidence that Petitioner poses a risk of flight or danger to the community.**

**The undersigned further recommends that the Court order Respondents certify compliance by filing a status report within ten business days of the Court's order.** Counsel for Respondents should also provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facility without delay.

---

[10]    Adoption of the Report and Recommendation will also dispose of Petitioner's TRO request. Doc. 3.

13

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by May 13, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72.[11] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 8th day of May, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[11]    Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation to five days. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").